UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERICA SEYMORE,

     Plaintiff,

v.                                      CASE NO.:

EC OPCO TALLAHASSEE, LLC, and
TRILOGY SENIOR LIVING MANAGEMENT, LLC
d/b/a SODALIS SENIOR LIVING,

     Defendants.

_____/

## **<u>NOTICE OF REMOVAL</u>**

Defendants EC OPCO Tallahassee, LLC ("EC OPCO") and Trilogy Senior Living Management, LLC d/b/a Sodalis Senior Living ("Trilogy") (collectively "Defendants"), pursuant to 28 U.S.C. §§ 1332, 1441, 1446 respectively remove the above-captioned action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, to the United States District Court for the Northern District of Florida, Tallahassee Division, on the following grounds:

1.     On December 29, 2023, Plaintiff filed her Complaint against Defendants in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, styled *Erica Seymore v. EP OPCO Tallahassee, LLC, and Trilogy Senior Living Management, LLC d/b/a Sodalis Senior Living*, Case No.: 2024-CA-000008 (the "State Court Action."). (*See* **Exhibit A**, Complaint.)

2.      Plaintiff, Defendant Trilogy Senior Living Management, LLC's former employee, alleges that Defendants discriminated against Plaintiff on the grounds of race and gender, and ultimately fired because she allegedly engaged in protected activity.

3.      The federal removal statue, 28 U.S.C § 1441(a), permits a defendant to remove "any civil action brought in a state court of which the district courts of the United States have original jurisdiction." The federal courts have original jurisdiction over civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C § 1332(a) (1).

4.      This action is properly removed to federal court because this Court has diversity jurisdiction under 28 U.S.C § 1332; there is diversity of citizenship between Defendants and Plaintiff and the amount in controversy exceeds $75,000.

5.      Title 28 U.S.C § 1441(a) further provides that removal must be made to the district court division embracing the place where such action is pending. *See Breuer v. Jim's Concrete of Brevard, Inc.*, 538 U.S. 691 (2003). This action was pending in the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida, prior to removal, and the events alleged by Plaintiff giving rise to her claims allegedly occurred in Leon County, Florida. (Complaint ¶ 10.) Therefore, venue properly lies in this Court, the Tallahassee Division of the Northern District of Florida, for purposes of removal under 28 U.S.C. §§ 1441(a), and 1332.

6.      This Notice of Removal is timely filed because it is filed within thirty (30) days from January 30, 2024, the date on which Defendant was served with a copy of the initial pleading setting forth the claim for relief upon which this action is based. See 28 U.S.C. § 1446(b)(1) and (c).

7.      Pursuant to 28 U.S.C § 1446(d), written notice of the filing of this notice will be served on Plaintiff, the only adverse party, and a copy of this notice will also be filed with the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. The Notice of Filing Notice of Removal that is being filed in the state court is attached hereto as **Exhibit B**.

**The Amount of Controversy Exceeds $75,000**

8.      The Summons and Complaint in the State Court Action were served on Trilogy on January 30, 2024. (*See Exhibit C*.) In the Complaint, Plaintiff alleges that the amount in controversy is "in excess of" Fifty Thousand Dollars ($50,000.00) *exclusive* of costs and interests but does not specify the amount of damages actually sought. (Complaint ¶ 2). Therefore, Defendants are entitled to remove this case on diversity grounds if they can show, by a preponderance of the evidence, that Plaintiff's claims are more likely than not to meet the amount-in-controversy requirement. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1060-61 (11th Cir. 2010); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1411 (5th Cir. 1995) (finding in instances where a plaintiff alleges an indeterminate amount of damages, if the defendant demonstrates by a preponderance of the evidence that the value of the plaintiff's claim exceeds the jurisdictional requirement, unless the plaintiff can then show to a legal certainty that the value of his claims are actually below the jurisdictional requirement, removal is proper.)

9.      Courts determine whether the amount in controversy meets the jurisdictional threshold at the time of removal. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe*, 613 F.3d at 1062. The Eleventh Circuit holds that "preventing a district judge from acknowledging

the value of a claim, merely because it is unspecified by the plaintiff, would force the court to abdicate its statutory right to hear the case." *Id.* at 1064 (citing *Pretka*, 608 F.3d at 755.) To assist the court in its assessment, moving parties may provide additional evidence, including documents, business records and affidavits, to meet their burden. *Pretka*, 608 F.3d at 755.

10.   Defendants can show by a preponderance of the evidence that the amount in controversy exceeds $75,000.00, inclusive of attorneys' fees and costs. Plaintiff is claiming lost back and front pay, as well as bonuses and other benefits. At the time of her resignation on April 24, 2022, Plaintiff was a Life Engagement Director making approximately $35,000 per year. At the time of removal, it has been over one year since Plaintiff resigned resulting in a back pay claim in excess of $35,568.00.

11.   Plaintiff has also demanded an award of attorneys' fees. The Florida Civil Rights Act is a statutory cause of action that entitles a prevailing party to recover reasonable attorney fees. "[W]hen a statutory cause of action entitles a prevailing party to recover reasonable attorney fees, the amount in controversy includes consideration of the amount of those fees." *Cohen v. Office Depot, Inc.*, 204 F.3d 1069, 1079 (11th Cir. 2000). In establishing the "reasonable amount of fees," the Court can take judicial notice that attorney's fees sought in these types of cases routinely approach or exceed the $75,000.00 threshold. *See Alshakanbeh v. Food Lion*, No. 3:06-cv-1094, 2007 WL 917354, at *2 (M.D. Fla. March 23, 2007) (finding estimate of $40,000 for attorney's fees in employment discrimination case was "conservative"). Plaintiff has also sought compensatory and punitive damages in this action which, on their own, can both exceed the statutory prerequisite. Accordingly, it is reasonable to assume that if Plaintiff prevails, and in light of the fact that such fees are properly combined with the other accrued substantive damages claimed to have been suffered by Plaintiff for

purposes of determining the amount in controversy, diversity jurisdiction clearly exists in this matter.

12. The amount of controversy in this civil action is in excess of the jurisdictional limit at issue. By making this analysis, Defendants make no admission that Plaintiff is entitled to any damages or to any form of relief whatsoever.

13. Accordingly, it is sufficiently clear that when all of Plaintiff's specific monetary claims in this litigation are combined, along with its claim for injunctive relief, it is more likely than not that the amount at issue here exceeds the $75,000 jurisdictional threshold.

## There is Diversity of Citizenship in This Case

14. To determine citizenship within the meaning of the diversity provision of 28 U.S.C. § 1332, a natural person must be both a citizen of the United States and a domiciliary of a state. *See Jones v. Law Firm of Hill & Ponton*, 141 F. Supp. 2d 1349, 1354 (M.D. Fla. 2001). "Domicile" for purposes of diversity jurisdiction is determined by two factors: 1) residence; and 2) intent to remain. Id. at 1355; *see also Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). In *Jones*, the Court stated:

> In determining domicile, a court should consider both positive evidence and presumptions. One such presumption is that the state in which a person resides at any given time is also that persons domicile. But because changes in residence are so common in the country, courts also refer to another presumption: once an individual has established a domicile, he remains a citizen there until he satisfies the mental and physical requirements of domicile in a new state.

*Id.*

15. In her Complaint, Plaintiff alleges she is a Florida resident. (Complaint ¶ 3).

16. Defendant Trilogy is a foreign limited liability company organized under the laws of the State of Texas. Trilogy's corporate headquarters and principal place of business

are located in San Marcos, Texas. All of Defendant's senior officers and executives are located in San Marcos, Texas. Trilogy has never been incorporated or organized in the State of Florida and it has never had its headquarters or principal place of business located in Florida.

17.     For purposes of diversity jurisdiction, a limited liability company is a citizen of every state in which one of its members is located. *Rolling Greens MHP, L.P. v. Comcast SCH Holdings, LLC.*, 374 F.3d 1020, 1022 (11th Cir. 2004).

18.     Defendant EC OPCO's sole member is EC Opco Holdco II, LLC, a Delaware limited liability company which owns 100% of Defendant. EC Opco Holdco II, LLC has one sole member, EC Opco Holdco I, LLC, a Delaware limited liability company which owns 100% of EC Opco Holdco II, LLC. EC Opco Holdco I, LLC has one member, Ventas AOC Operating Holdings, Inc., a Delaware limited liability company which owns 100% of EC Opco Holdco I, LLC. Ventas AOC Operating Holdings, Inc., has one sole member, VTR TRS Holdco, LLC which owns 100% of Ventas AOC Operating Holdings, Inc. VTR TRS Holdco, LLC likewise has only one sole member, VTR Property Sectors, LLC which owns 100% of VTR TRA Holdco, LLC. Lastly, VTR Property Sectors, LLC is owned in whole by Ventas, Inc. These are all Delaware entities, and all of their respective officers are located in Kentucky. Accordingly, EC OPCO is completely diverse from Plaintiff.

19.     Likewise, Defendant Trilogy's sole member is Trilogy Senior Living, LLC, a Texas limited liability company which owns 100% of Trilogy. Trilogy Senior Living, LLC's sole member is Sodalis Elder Living Communities, LLC, a Texas limited liability company which owns 100% of Trilogy Senior Living, LLC. Sodalis Elder Living Communities, LLC has four members, all of whom are individuals who reside and are citizens of Texas and are therefore completely diverse from Plaintiff.

20.    Thus, Defendants can show by a preponderance of the evidence that there is complete diversity of all parties properly joined and served. *See* 28 U.S.C. § 1446(b)(2)(A).

21.    Removal of this action is timely. Pursuant to 42 U.S.C. § 1446(b), removal of this action is timely because it has been less than one year since the commencement of this action and less than thirty days since the receipt of the initial pleading setting forth the claim for relief upon which this action is based.

22.    Pursuant to 28 U.S.C. § 1446(a) and Rule 7.2 of the Local Rules of this Court, copies of all process, pleadings, and orders served on Defendant are attached hereto. (*See* Composite **Exhibit C.**)

23.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice will be served on Plaintiff, the only adverse party, and a copy of this Notice will also be filed concurrently with the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida. (*See* **Exhibit B**.)

WHEREFORE, Defendants respectfully submit that removal of this action from the Circuit Court of the Second Judicial Circuit in and for Leon County, Florida to this Court is proper.

Dated this 19th day of February, 2024.

Respectfully submitted,

**FORDHARRISON LLP**

*/s/ Christopher C. Johnson*
Christopher C. Johnson
Florida Bar No. 105262
cjohnson@fordharrison.com
401 East Jackson Street, Suite 2500

Tampa, Florida 33602
Telephone: (813) 261-7800
Facsimile: (813) 261-7899

*Attorney for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on February 19, 2024, a true and correct copy of the foregoing was served via e-mail upon:

Marie A. Mattox
203 North Gadsden St.
Tallahassee, FL 32301
marie@mattoxlaw.com
marlene@mattoxlaw.com
Attorneys for Plaintiff

*/s/ Christopher C. Johnson*
Attorney